UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>HANOVER INSURANCE GROUP, INC. f/k/a/ Allmerica Financial Corporation<br><br>       Defendant/Counterclaim Plaintiff. | Civ. No. 4:22-cv-40158-MRG |

## ORDER ON PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO STRIKE [ECF No. 101]

**GUZMAN, J.**

      Plaintiff/Counterclaim Defendant St. Paul Mercury Insurance Company ("Travelers") filed this lawsuit against Defendant/Counterclaim Plaintiff Hanover Insurance Group Inc. ("Hanover") seeking declaratory relief about the applicability of policy exclusions and the reimbursement of monies provided for the defense of their insured. [Compl. ¶¶ 33–56, ECF No. 1]. In response, Hanover filed two counterclaims against Travelers for breach of contract and bad faith in their dealings.[1] [ECF No. 77 at 16–19]. Both parties have moved for summary judgment; however, Hanover seeks only partial summary judgment with respect to Counts I and II of Travelers' claims, and does not seek summary judgment on its two counterclaims, and Travelers seeks summary judgment on all claims asserted and the counterclaims against it. [ECF No. 86 at 1; ECF No. 87].

---

[1] Hanover's original counter complaint listed only a claim for breach of contract. [See ECF No. 17 at 17–19]. Hanover subsequently amended its counter complaint to add the bad faith claim. [See ECF No. 38 at 17–18; ECF No. 77 at 16–19].

1

Both parties respectively filed a statement of material facts in support of their motions for summary judgment. [See ECF No. 89; see also ECF No. 93].

Before the Court is Travelers' Motion to Strike regarding several paragraphs from Hanover's Statement of Material Facts, [ECF No. 93], for failure to comply with Fed. R. Civ. P. 56 and Local Rule 56.1. [ECF No. 101]. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **LEGAL STANDARDS**

A motion for summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact" such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A movant must show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Local Rule 56.1, which governs cases filed in the United States District Court for the District of Massachusetts, contains express requirements for summary judgment. Local Rule 56.1 states in relevant part:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion.

Local Civ. R. 56.1. "'Facts' means historical facts, not mixed-law fact assertions . . . evaluative determinations," or irrelevant facts to the motion before the court. Change the Climate v. Massachusetts Bay Transp. Authority, 202 F.R.D. 43, 53 (D. Mass. 2001).

In addressing Travelers' Motion to Strike, the Court does not reach a decision as to whether the facts raised within Hanover's Statement of Facts are disputed or not for purposes of its summary judgment analysis, rather the Court strictly applies Fed. R. Civ. P. 56 and Local Rule

56.1 to the Statement of Material Facts to determine whether the statements provided are properly before the Court in the contested pleading.

## II. DISCUSSION

Travelers moves to strike the statements provided by Hanover on three general grounds: failure to cite to the record in violation of Local Rule 56.1, inclusion of improper legal conclusions, and inclusion of facts that are irrelevant or immaterial. [ECF No. 101 at 3–6]. The court will address each ground to strike in turn.

### A. Failure to Make Citations to The Record

Travelers moves to strike paragraphs 16, 17, 27, 127, and 139 for Hanover's failure to cite to any document on the record. [ECF No. 101 at 3]. Hanover argues that Supreme Court precedent supports the inclusion of these statements because the assertions in paragraphs 16, 17, and 27 negate Travelers' claims by "[demonstrating] a lack of any factual evidence to support an essential element of [Travelers] case." [ECF No. 107 at 2 (citing Celotex Corp. v. Catrett, 447 U.S. 317, 322–23 (1986))].

Paragraphs 16 and 17 state that there was no written undertaking commenced by Travelers, which Hanover asserts in its pleadings is a precondition required for recoupment of monies listed as "Conditions for Advancement of Defense Costs" ("Section V.5") in the CNA policy. [ECF No. 1-4 at 10–11; ECF No. 88 at 18 ("Travelers' claim still fails because it has not satisfied the preconditions for a permissible clawback claim.")]. If the policy is to be read in the manner which Hanover asserts, Travelers would have the burden to prove that they complied with the language of the CNA policy. Hanover argues that paragraphs 16 and 17 are included to show that Travelers "cannot produce admissible evidence to support the fact" that there was a written undertaking, which Hanover argues is a precondition for recoupment. Fed. R. Civ. P. 56 (c)(1)(b). Travelers

3

disputes the applicability of Section V.5 as operative for the purposes of this litigation; however the fact that Travelers disagrees with Hanover's interpretation of the policy does not make Hanover's inclusions of these statements, which show a lack of admissible evidence for Travelers' claim, improper. Celotex Corp., 447 U.S. at 322–23.

As for paragraph 27, this statement asserts that Travelers has no evidence that, prior to the inception of the Travelers Policy and subsequent litigation, Hanover was threatened with a lawsuit or liability for the "whipsaw" claim in the underlying case. [ECF No. 93 at 9]. The same analysis applies for this section as paragraphs 16 and 17. Travelers is free to, and has, disputed Hanover's interpretation of the Prior Known Wrongful Act exclusion. [ECF No. 99 at 19]. The disputed interpretation of the policy is a matter to be handled at the summary judgment stage, but that dispute does not change the fact that Hanover alleges Travelers "fails to make a showing sufficient to establish the existence of" facts that Hanover interprets to be pre-requisites under the CNA policy. Celotex Corp., 447 U.S. at 322.

Therefore, Travelers' Motion to Strike paragraphs 16, 17, and 27 is **DENIED**.

As for paragraphs 127 and 139, Hanover describes these as "connector paragraphs." [ECF No. 107 at 3]. It claims that these paragraphs "provide overall factual context to aid the Court's review." [Id.] In response to the Motion to Strike, Hanover stated that "the Court is free to not credit" these "connector paragraphs." [Id. at 3 n.1]. These paragraphs are distinguishable from the previously uncited paragraphs as they do not negate a potential claim for Travelers, therefore Hanover's failure to cite to the record makes them in violation of Local Rule 56.1.

Therefore, the Court **GRANTS** Travelers' request as to paragraphs 127 and 139. These paragraphs are accordingly **STRIKEN** from the Statement of Material Facts, [ECF No. 93].

B.  **Improper Legal Conclusions**

Travelers argues that 15 statements should be stricken from the record for making improper legal conclusions and arguments.[2] [ECF No. 101 at 4]. Hanover opposes those arguments, noting that the statements "are [] party admissions from the deposition of Jim Hynes, Travelers' claims handler and Rule 30(b)(6) corporate representative," are "straightforward statements of fact supported by citations to the record," or include "expert testimony that has been submitted in this case which . . . sets forth relevant background facts and context." [ECF No. 107 at 3–4].

It is improper for a movant to present statements regarding the law or legal arguments in a statement of material facts under Local Rule 56.1. See Dukanci v. Ann Inc. Retail, 117 F. Supp. 3d 115, 117 n.2 (D. Mass. 2015) ("proffered statements fail to comply with Local Rule 56.1 as they. . . consist largely of legal argument"); Matt v. HSBC Bank USA, 968 F. Supp. 2d 351, 354 n.2 (D. Mass. 2013) (movant "offered paragraphs of legal argument that have no place in a party's concise statement of facts"); Neponset Landing Corp. v. Nw. Mut. Life Ins. Co., 902 F. Supp. 2d 149, 153 (D. Mass. 2012) (refusing to credit as facts presented in a statement of material facts under Local Rule 56.1 that "merely reflect the arguments of counsel").

In these contested paragraphs, Hanover has intertwined many of its facts with legal arguments and conclusions. For example, paragraph 104 first describes "Travelers recoupment claim based on improper exhaustion of the CNA policy set forth in its declaratory judgment complaint," then then states that the claim "is based on its erroneous reading of the original Durand Complaint." [ECF No. 93 at 25]. The former is a textbook example of compliance with LR 56.1, while the latter is a legal conclusion drawn from that fact, which is left for the determination of

---

[2] The Paragraphs in controversy are paragraphs 21, 34, 35, 57, 69, 88, 104, 115, 124, 126, 127, 138, 140, 141, 142, and 143. [ECF No. 101 at 4]. Travelers' motion lists 17 paragraphs, however paragraphs 127 and 139 have already been stricken for their lack of citations and are therefore not considered. [Id.]

the Court and "simply [does] not belong in a statement of facts." Sneade v. Rojas, No.11-40061-TSH, 2014 WL 949635, at *3 (D. Mass. Mar. 10, 2014).

Although legal assertions are improperly included in a Statement of Material Facts, the Court is capable of distinguishing legal argument from fact and may refuse to credit legal conclusions where statements of fact are intertwined. See Neponset Landing Corp., 902 F. Supp. 2d at 153; see also Hache v. AIG Claims, Inc., No. 20-CV-10652-PBS, 2023 WL 5939644, at *2 (D. Mass. Sep. 12, 2023) ("This court is also capable of distinguishing any argument or unsupported opinion from . . . facts without the need to strike" the "[s]tatement.").

The Court does note that not all the contested statements from Travelers' motion contain legal arguments. Specifically, paragraphs 124 and 126 contain no legal conclusions. Again, Travelers is free to dispute these facts; however, the Court considers these statements to be in compliance with L.R. 56.1. As to the other contested paragraphs, which are mixed with legal conclusions and factual assertions, the Court will separate the legal arguments contained within the paragraphs in its consideration of the Partial Summary Judgment Motion. Consequently, the Court is not inclined to strike the paragraphs in full. See Hache, 2023 WL 5939644, at *2.

Therefore, Travelers' motion to strike these paragraphs is **DENIED**.

C.     **Irrelevant or Immaterial Facts**

Travelers moves to strike paragraphs 106–126 and 138–143 referencing counterclaim Counts I and II, as immaterial because Hanover has not included these counts in its Partial Motion for Summary Judgment. [ECF No. 101 at 5]. Hanover opposes the motion on multiple grounds: (1) that it included these facts for "efficiency" of the Court by "reducing the documents" that the Court would have to review; (2) that the facts are material to their counterclaims against Travelers; (3) that the facts have been incorporated into the record; and (4) that the statements are referenced

in its Memorandum in Support of Its Motion for Partial Summary Judgment in two footnotes.[3] [EFC No. 107 at 5–6].

The Court is capable of handling the large number of filings in this case, therefore Hanover's argument of violating Fed. R. Civ. P. 56 for the sake of judicial efficiency is not persuasive. See Aoude v. Mobil Oil Corp, 862 F.2d 890, 895 (1st Cir. 1988) ("strict adherence to the Civil Rules is the better practice").

Hanover's second argument, claiming that these facts are material to their counterclaims against Travelers, is equally unpersuasive. [ECF No. 107 at 6]. Whether or not these facts are relevant to those claims is of no relevancy to this motion, as this motion concerns solely the Statement of Material Facts filed in support of their Motion for Partial Summary Judgment, where Hanover has not moved for summary judgment on its counterclaims. [ECF No. 86 at 1 ("Defendant [Hanover] hereby moves for Partial Summary Judgment against [Travelers] with respect to . . . *Counts I and II of Travelers Complaint.*") (emphasis added)]. To allow these facts to be inserted into the Statement of Material Facts in support of Hanover's Motion for Partial Summary Judgment would be improper as the claims which they relate to are not "claim[s]. . . on which summary judgment is sought" in *this* summary judgment motion. Fed. R. Civ. P. 56(a).

As for Hanover's argument that the facts are "properly part of the record and are material with respect to Hanover's Opposition to Traveler's Motion," it is correct. [ECF No. 107 at 5]. The facts in controversy for Hanover's Statement of Material Facts, [ECF No. 93], have been properly included in its Counter Statement of Material Facts, [ECF No. 103]. Travelers' Motion for

---

[3] The Court notes that Hanover mentions that these facts are referenced on "page 20" of their Memorandum in Support of Its Motion for Partial Summary Judgment but did not include a pin cite. [ECF No. 107 at 6]. Neither page 20 of the Memorandum of Law in Support of the Motion for Summary Judgment, nor page 20 of the ECF paginated headings contain references to the facts in controversy. [ECF No. 88 at 20, 25]. The Court notes that there is a reference to paragraph 143 on page 26 of the Memorandum. [Id. No. 88 at 26].

Summary Judgment concerns the counterclaims raised by Hanover, while Hanover's Partial Motion does not. [Compare ECF Nos. 86, 87].

Therefore, the Court will **GRANT** the request and **STRIKE** paragraphs 106–126 and paragraphs 138–143 from Hanover's Statement of Material Facts as to the Partial Motion for Summary Judgment, [ECF No. 93]. However, these facts will still be part of the record where they are relevant in Hanover's Counter Statement of Material Facts, [ECF No. 103], concerning Travelers' Motion for Summary Judgment, [ECF No. 87].

### III. CONCLUSION

For the foregoing reasons, Travelers' Motion to Strike is **DENIED IN PART** and **GRANTED IN PART**. Accordingly, paragraphs 127, 139, 106–126, and 138–143 are stricken from Hanover's Statement of Material Facts as to the Partial Motion for Summary Judgment, [ECF No. 93], and the Court will separate the legal arguments contained within contested paragraphs 21, 34, 35, 57, 69, 88, 104, 115, 124, 126, 138, 140, 141, 142, and 143 in its consideration of the Partial Summary Judgment motion.

**SO ORDERED.**

Dated: March 12, 2026

    /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge